IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CT-3027-H

| | |
|---|---|
| CYNTHIA RENEE OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHNNY M. WILLIAMS, Individually ) | |
| and in his Official Capacity as ) | |
| Sheriff of Warren County; DEAN ) | |
| MILTON HARPER (former Warren ) | **ORDER** |
| County Jailer), Individually and ) | |
| in his Official Capacity as Jailer ) | |
| of Warren County; WESTERN SURETY ) | |
| COMPANY, a surety for Sheriff ) | |
| Williams; and WARREN COUNTY, NORTH ) | |
| CAROLINA, a body politic, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the parties' joint motion to file under seal Exhibit 7 to Plaintiff's Response to Defendants' Motion for Summary Judgment. The documents at issue are investigatory records prepared by the North Carolina State Bureau of Investigation in connection with a criminal investigation of defendant Dean Milton Harper. The parties contend that the documents contain "sensitive personal information of both the Plaintiff and Defendants and sensitive employment records of former employees of Warren County who are not parties to this action." (Mot. Seal at 1 [DE #31].)

## DISCUSSION

Judicial records are generally subject to the public's right to inspect and copy. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978). A court may, however, deny public access to its documents where countervailing interests outweigh the public's interest in access. Id. Where First Amendment principles are involved, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (summary judgment motions subject to First Amendment standard). The parties' agreement to seal certain records is not a sufficient basis upon which to limit public access.

In determining whether records should be sealed, this court must follow the procedure established by the Fourth Circuit in In re Knight Publ. Co., 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object. Id. at 235-36; see also Electronic Case Filing Admin. Pol. & Proc. Manual, EDNC, § T(1)(a)1 at 25-26 (rev. Jan. 25, 2010) (showing required for sealed documents). Second, the court considers less drastic alternatives, such as redaction of any sensitive material. Id. If the court determines that public access should be denied, then the court must provide specific

reasons and factual findings supporting the decision to seal the documents. Id.

In this case, the public has been provided with notice and an opportunity to object to the parties' motion. The parties filed their joint motion on February 8, 2010, and it has been accessible to the public on the court's computerized case management and case filing system since that time. See Knight, 743 F.2d at 235 (notice sufficient where motion docketed reasonably in advance of its disposition).

However, the parties have not demonstrated that sealing the SBI report would serve any compelling government interest. Although the parties claim that the records contain "sensitive personal information" concerning plaintiff and defendants, the court finds that the bulk of such "sensitive personal information" has already been made public record upon the filing of the parties' pleadings, motions and memoranda in this case. To the extent that the records contain personal identifiers or other personally sensitive information, the parties may (and in some instances must[1]) redact such information prior to filing the records.

---

[1]The court acknowledges that the SBI report contains the social security number of at least one individual and the birth dates of several individuals interviewed. Rule 5.2 of the Federal Rules of Civil Procedure requires that the parties take certain steps to protect such information. See Fed. R. Civ. P. 5.2.

3

Accordingly, the court DENIES the parties' motion to seal [DE #31]. Pursuant to Local Civil Rule 79.2, EDNC, plaintiff shall have twenty (20) days to refile the SBI report with appropriate redactions having been made. Otherwise, Exhibit 7 to Plaintiff's Response to Defendant's Summary Judgment Motion [DE #30] will be stricken in its entirety.

This 21st day of July 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31